**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARL RICHARD, Plaintiff, | ) | |
| vs. | ) | Civil Action No. 3:24-cv-89<br>Judge Stephanie L. Haines<br>Magistrate Judge Peter E. Ormsby |
| SUPERINTENDENT BARRY SMITH *et al.*, Defendants. | ) | |

# MEMORANDUM ORDER

Presently before the Court is an Amended Complaint in Civil Action pursuant to 42 U.S.C. § 1983 filed *pro se* by Carl Richard ("Plaintiff") (ECF No. 35). Plaintiff asserts that while he was incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale") his civil rights were violated when he was deprived of his specially fitted shoes for his prosthetic leg and as a result slipped and fell on ice causing him injury. He also asserts that he was not provided proper medical treatment for his injury in violation of his Eighth Amendment Constitutional Rights. In his initial Complaint (ECF No. 1) Plaintiff asserted this case against Superintendent Barry Smith, WellPath Medical Co., Dr. Muhammad Naji, Leonard Chernisky, Terri Sechrengost, Janet Pearson, Pennsylvania Department of Corrections, Michelle Ivicic, Site Physician, Health Care Administrator, Safety Manager, and Former Health Care Administrator (collectively "Defendants").

A Motion to Dismiss (ECF No. 31) the initial Complaint was filed by WellPath Medical Co. and Dr. Muhammad Naji claiming that pursuant to the plan of the Bankruptcy Court "[A]ll Claims and Causes of Action against WellPath Holdings, Inc. and its affiliated debtors… are discharged and holders of such Claims and Causes of Action are permanently enjoined from,

among other things commencing or continuing any proceeding of any kind, including the instant proceeding, in connection with such claims, or enforcing recovery from the Debtors …" ECF No. 32, p. 2. Thus, WellPath and its employee Dr. Naji should be dismissed from the case. Shortly after the Motion to Dismiss (ECF No. 31) was filed, Plaintiff filed the Amended Complaint (ECF No. 35), which this Court considers to be the operative complaint. In every practical sense, the Amended Complaint contains the same allegations against Defendants but Plaintiff removed WellPath as a Defendant and WellPath was terminated from the case. In response to the Amended Complaint, Defendant Naji filed his own Motion to Dismiss (ECF No. 38) on January 28, 2026. Plaintiff responded (ECF No. 46) on March 2, 2026, and Dr. Naji replied (ECF No. 47) on March 3, 2026.

On January 28, 2026, Magistrate Judge Keith A. Pesto, the referral judge at the time for proceedings in accordance with the Federal Magistrates Act,[1] 28 U.S. C. § 636, and Local Civil Rule 72.D, issued a Report and Recommendation (ECF No. 41) addressing the stale Motion to Dismiss (ECF No. 31) as a protective measure to prevent WellPath from being added back to the case at some point, ECF No. 42, p. 2. The Report and Recommendation also addresses the dismissal of Dr. Naji. This Court notes that Magistrate Judge Pesto's Report and Recommendation (ECF No. 41) issued on the same date as Dr. Naji's Motion to Dismiss (ECF No. 38) and before the Parties responses were filed (ECF Nos. 46, 47). This Court has taken into consideration all pleadings *de novo* in its review of the case and will issue a ruling on both pending and ripe Motions to Dismiss (ECF No. 31, 38).

Magistrate Judge Pesto's Report and Recommendation (ECF No. 41) recommends that the Motion to Dismiss (ECF Nos. 31) be granted as to both WellPath and Dr. Naji. Judge Pesto states

[1] Magistrate Judge Pesto retired in February 2026, and this case has been reassigned to Magistrate Judge Peter E. Ormsby pursuant to Administrative Order 2026-10.

the Motion could be granted for lack of opposition, for the reasons set out by the bankruptcy court, or for failure to state a claim. The Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Timely Objections (ECF No. 42) were filed by Plaintiff and a Response to the Objections (ECF No. 43) was filed by Dr. Naji. This matter and the matter of Dr. Naji's Motion to Dismiss (ECF No. 38) are ripe for the Court's consideration.[2]

In Plaintiff's Objections (ECF No. 42) he restates his claim that he fell, hit his head, and suffered a head injury, but adds an additional fact that he was rendered unconscious. ECF No. 42, p. 1. He argues the fact that Dr. Naji acted with deliberate indifference because the severity of Plaintiff's injury called for a CT scan and immediate hospitalization, which Dr. Naji did not do. Dr. Naji takes issue with the added fact of unconsciousness claiming it is a false statement and provides the medical note to substantiate this claim. ECF No. 47, pp. 1-2. Dr. Naji states that Plaintiff should be sanctioned for lying in his pleadings. The Court declines to impose sanctions but takes judicial notice of the falsification. *See* ECF No. 47-2.

Plaintiff objected to Judge Pesto's finding that there were no facts to support the allegation that Dr. Naji acted with deliberate indifference under the Eighth Amendment. After the fall Dr. Naji put Plaintiff in concussion protocol and three days later when Plaintiff collapsed Dr. Naji sent him to the hospital where the hospital ran a CT scan and discovered a hematoma that did not require any further treatment. As Judge Pesto stated, and this Court agrees, at most Dr. Naji's actions, or lack thereof, amount to negligence. The law is clear that simple medical malpractice is insufficient to present a constitutional violation. *See Estelle v. Gamble 429 U.S. 97,* 106 (1976). If

[2] A Second Motion to Dismiss (ECF No. 44) was filed by Defendants Chernisky, Close, Ivicic, Pearson, and Pennsylvania Department of Corrections ("Corrections Defendants"). Plaintiff has not responded to this Motion to Dismiss to date. This matter is not ripe for the Court's disposition.

the Court allows the Plaintiff latitude and determines that there was risk of serious harm from the fall, still no facts support that Dr. Naji subjectively knew of the risk and disregarded that risk to Plaintiff's health or safety. *See* ECF No. 41, p. 5. If there is a differing of opinion between Plaintiff and medical staff on how Plaintiff should have been treated this Court pays deference to the decisions of medically trained staff. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (citing *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979); *see also White v. Napoleon,* 897 F.2d 103, 110 (3d Cir.1990) ("Certainly, no claim is presented when a *doctor* disagrees with the professional judgment of another doctor. There may, for example, be several ways to treat an illness.")).

Upon review of the record and the Report and Recommendation (ECF No. 41) and all docketed materials pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter. Judge Pesto correctly determined that Plaintiff's claims against Defendant Dr. Muhammad Naji are not plausible and should be dismissed. In addition, WellPath should remain terminated as a defendant according to the order of the Bankruptcy Court and because it was not a named defendant in the operative Amended Complaint (ECF No. 35).

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 16th day of October, 2026, IT IS ORDERED that the Motion to Dismiss (ECF No. 31) hereby is DENIED as moot; and,

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 38) hereby is GRANTED; and

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 41) is adopted in part as the Opinion of the Court. The Court agrees with Judge Pesto's analysis to the extent the issues were not mooted by the Amended Complaint (ECF No. 35); and,

IT IS FURTHER ORDERED that the case against Defendant Dr. Muhammad Naji is DISMISSED with prejudice and Dr. Naji shall be terminated as a defendant in this case; and

IT IS FURTHER ORDERED that if there is any question as to WellPath's termination from this case, WellPath is also DISMISSED with prejudice; and

IT IS FURTHER ORDERED that Plaintiff shall respond to Corrections Defendants' Motion to Dismiss (ECF No. 44) within thirty (30) days of the date of this Order; and

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings including the disposition of the Motion to Dismiss (ECF No. 44) filed by Corrections Defendants.

Stephanie L. Haines
United States District Judge

Carl Richard
NE-8049
SCI-Houtzdale
Special Mail- Open Only in Presence of Inmate
P.O. Box 1000
Houtzdale, PA 16698-1000
Pro Se